STATE OF MISSOURI, Defendant in Error, *v.* WILLIAM MOSE-LEY, Plaintiff in Error.

*Criminal Practice—Larceny— U. S. Treasury Notes.*—When it is proved that United States Treasury notes of a particular denomination have been stolen, no evidence as to their value is necessary. The courts take judicial notice of the acts of Congress which define the nature and value of such notes. By our statute, R. C. 1855, p. 577, the money due upon any security is *prima facie* evidence of its value.

*Error to the Kansas City Criminal Court.*

This was an indictment for grand larceny. The indictment charged that William Moseley did steal, take and carry away one trunk of the value of five dollars, and four United States Treasury notes, one twenty and three fives, all of the value of thirty-five dollars.

The evidence was—James Hall, a negro, testified that the defendant took and carried away from him, without his consent, the property mentioned in the indictment; that the trunk contained one twenty dollar bill and three five dollar bills, which were called "greenbacks," and were also called "U. S. Treasury notes." He stated that he could neither read nor write, but that he knew twenty dollar greenbacks from fives because the 20's had an "O" and a "ten" on them, and that he got these bills in pay when he was paid off as a soldier; that he had seen other persons have such bills, and had been accustomed to seeing such bills for the last four

State. v. Moseley.

years. James Howard, another witness for the State, testified as to confessions made by defendant.

Upon this evidence the State asked the following instructions, which were given:

1. If the jury believe from the evidence that the defendant took the property in question without the consent of the owner, and the value was less than ten dollars, they will find him guilty, and assess his punishment by imprisonment in the county jail not exceeding one year, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment.

2. If the jury believe from the evidence that the defendant took the property in question without the consent of the owner, and its value was over ten dollars, then they will find the defendant guilty, and assess his punishment by imprisonment in the penitentiary not less two nor more than five years.

The defendant then asked the following instructions, which were given:

1. That, unless the State has shown by some evidence the value of the bills taken by the defendant, the jury cannot find the defendant guilty of grand larceny.

*J. Brown Hovey*, for plaintiff in error.

I. The indictment in this case is a simple common law indictment, and does not charge that the bills were a public security issued by the United States or any State, and therefore cannot import a value upon their face—R. C. 1855, p. 577, § 33.

II. Unless the value of the trunk or the bills was proven, the crime could be only petit larceny—3 Greenl. Ev. § 153.

Attorney General, for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

In this case, the only error relied upon consists in the fact that no other evidence was given of the value of certain U. S.

Treasury notes, alleged to have been stolen, than the respective denominations of the notes, viz., a twenty dollar bill and three five dollar bills, all of the value of thirty-five dollars. When it was proven that U. S. Treasury notes of those denominations were stolen, we do not think any further proof of their value was necessary. The courts will take judicial notice of the acts of Congress which define the nature and value of such notes; and by the statute the money due thereon shall be deemed *prima facie* evidence of their value—R. C. 1855, p. 577.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.